UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BATSHEVA LEVY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) DEMAND FOR JURY TRIAL |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS INC., | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC | ) |
| BARCLAYS BANK DELAWARE | ) |
| | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### INTRODUCTION

1. This is a complaint against Equifax Information Services LLC, Experian Information Solutions, Inc., and Barclays Bank Delaware (collectively, "Defendants") for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

2. Plaintiff, Batsheva Levy, brings this action seeking actual, statutory, and punitive damages for the Defendants' failure to ensure accurate credit reporting, conduct reasonable investigations and adequately address disputes.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which provide for federal question jurisdiction and authorize claims under the FCRA.

1

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the Defendants conduct business in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff, Batsheva Levy, is a natural person and resident of OSSINING, WESTCHESTER COUNTY, NEW YORK

6. Plaintiff is a "CONSUMER" as defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services LLC ("Equifax") is a Georgia corporation authorized to do business in NEW YORK and it is a "CONSUMER REPORTING AGENCY" as defined by 15 U.S.C. § 1681a(f).

8. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation authorized to do business in NEW YROK, and it is a "CONSUMER REPORTING AGENCY" as defined by 15 U.S.C. § 1681a(f).

9. Defendant Barclays Bank Delaware ("Barclays") is a Delaware corporation engaged in the business of furnishing information to consumer reporting agencies, making it a "FURNISHER OF INFORMATION" as defined by 15 U.S.C. § 1681s-2.

## FACTS OF THE MATTER

10. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of the information they report. 15 U.S.C. §1681e(b).

11. When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. §1681i. 15.

12. When a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

13. On June 7, 2024 Plaintiff applied for a credit card for personal and household purposes from Digital Credi t Union (DCU) and was denied credit.

14. Plaintiff's information was disseminated to known and unknown lenders and persons.

15. Plaintiff was denied credit due to some adverse information reported on her credit reports.

16. On June 30, 2024, Plaintiff obtained her Experian and Equifax credit reports and discovered several inaccuracies related to her Barclays account and personal information, including:

    1. **Barclays Account:**

        1. **Experian Reporting Errors:**

            1. Fluctuating delinquency statuses from February 2020 through November 2020, including multiple reverts to earlier delinquency levels without explanation:

                1. February 2020: 60 days late.

                2. March 2020: 90 days late.

    3. April 2020: 120 days late.

    4. May 2020: 150 days late.

    5. June 2020: Repeatedly reported as 150 days late.

    6. July 2020: Reverts to 90 days late.

    7. August 2020: Reverts to 120 days late.

    8. September 2020: Advances to 150 days late.

    9. October 2020: 180 days late.

    10. November 2020: Reverts to 150 days late.

2. Redundant charge-off reporting from 2021 through 2024, unfairly prolonging the account's negative impact on Plaintiff's credit report.

3. A reported balance of $7,603 exceeding the credit limit of $7,500.

2. **Equifax Reporting Errors:**

1. Inconsistent and illogical delinquency progression from February 2020 to November 2020:

    1. February 2020: 60 days late.

    2. March 2020: 90 days late.

    3. April 2020: 120 days late.

    4. May 2020: 150 days late.

    5. June 2020: Remains at 150 days late.

    6. July 2020: Reverts to 90 days late.

    7. August 2020: Advances to 120 days late.

    8. September 2020: Advances to 150 days late.

    9. October 2020: Advances to 180 days late.

    10. November 2020: Reverts to 150 days late.

2. Redundant charge-off reporting for multiple months, causing unnecessary harm to Plaintiff's credit score.

3. A balance of $7,603 reported as exceeding the credit limit of $7,500.

2. **Personal Information:**

    1. Incorrect names, aliases, addresses, phone numbers, and employers, contributing to additional inaccuracies in her credit report.

17. On the same day, June 30, 2024, Plaintiff disputed these inaccuracies through Experian and Equifax's online dispute portals, requesting proper reinvestigation under 15 U.S.C. § 1681i.

18. Upon information and belief, Equifax and Experian forwarded the disputes to Barclays as required under 15 U.S.C. § 1681i(a)(2). However:

    1. Barclays failed to conduct a reasonable investigation into the disputes.

    2. Equifax and Experian continued to report inaccurate and unverifiable information.

5

19. The **Assurance of Discontinuance** filed by the New York Attorney General in 2025 against Equifax highlights similar issues in Equifax's dispute handling and credit reporting processes:

    1. Equifax failed to maintain robust controls to ensure the accuracy of credit information, as evidenced by widespread errors in consumer credit scores caused by a faulty system update.

    2. Equifax's failure to promptly correct errors demonstrate systemic negligence in ensuring accurate credit reporting, relevant to Plaintiff's claim under 15 U.S.C. § 1681e(b).

20. The **CFPB Consent Order** (File No. 2025-CFPB-0002) against Equifax identified widespread failures in its reinvestigation and dispute processing systems, including:

    a) Limiting consumers' ability to fully describe disputes by using prepopulated codes that fail to capture the nature of disputes adequately.

    b) Relying excessively on furnishers' responses without substantive review, even when consumer-provided documents contradict those responses.

    c) Failing to ensure that reinvestigations are meaningful or conducted within statutory timelines.

    d) Using flawed automated systems (e-OSCAR) that fail to detect illogical or contradictory responses from furnishers.

21. **Consumer Financial Protection Bureau v. Experian Information Solutions, Inc. (Case No. 8:25-cv-00024)**, systemic issues in Experian's dispute resolution processes were highlighted, including:

    a) Failure to forward consumer disputes to furnishers promptly.

    b) Inadequate oversight of furnishers' responses, leading to verification of inaccurate information.

    c) Use of automated systems and prepopulated options that limited consumer input, preventing full investigation of disputes.

    d) Failure to correct systemic errors despite repeated consumer disputes.

22. On October 24, 2024, Plaintiff applied for a personal loan with SOFI, which was denied due to the inaccurate and derogatory information reported by Defendants.

23. Despite multiple disputes, updated credit reports from Equifax and Experian continued to show the same inaccuracies, causing Plaintiff harm, including denial of credit, financial distress, lower credit score, credit card with high interest rates and emotional anguish.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**15 U.S.C. § 1681s-2(b)(1)(A) - Failure to Conduct Reasonable Investigation**

**(Barclays)**

24. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

25. Defendant Barclays violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation into the disputes forwarded to them by Equifax and Experian. 2

26. Barclays verified inaccurate and incomplete information, including fluctuating delinquency statuses, redundant charge-offs, and balances exceeding the credit limit.

27. Barclays' failure to conduct a reasonable investigation caused injury to Plaintiff by perpetuating inaccuracies in her credit report, damaging her credit score, and leading to financial harm and emotional distress.

## SECOND CLAIM FOR RELIEF

### 15 U.S.C. § 1681s-2(b)(1)(B) - Failure to Review All Relevant Information

### (Barclays)

28. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

29. Defendant Barclays violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax and Experian.

30. Barclays ignored key discrepancies in the Plaintiff's payment history and failed to address the supporting evidence submitted by Plaintiff during the dispute process.

31. Barclays' failure caused harm to Plaintiff, including denial of credit, financial distress, and emotional suffering.

## THIRD CLAIM FOR RELIEF

### 15 U.S.C. § 1681e(b) -

### Failure to Assure Maximum Possible Accuracy

### (Equifax)

32. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

33. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in Plaintiff's credit report. Equifax's systemic issues in maintaining accuracy, as referenced in the Assurance of Discontinuance and CFPB Consent Order, demonstrate a failure to ensure correct credit reporting practices.

34. Equifax's actions caused harm to Plaintiff by reporting incorrect delinquency statuses, redundant charge-offs, and an inaccurate balance. These errors led to credit denials and financial distress.

## FOURTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681i(a)(1)(A) - Failure to Conduct Reasonable Reinvestigation

### (Equifax)

35. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

36. Defendant Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct reasonable reinvestigations of Plaintiff's disputes. Equifax relied on automated systems without proper oversight or correction of the inaccurate information disputed by the Plaintiff.

37. The systemic failures in Equifax's reinvestigation processes, as noted in the CFPB Consent Order, further underscore its negligence in addressing disputes meaningfully. These failures caused harm to Plaintiff by prolonging inaccuracies and damaging her creditworthiness.

## FIFTH CLAIM FOR RELIEF

## 15 U.S.C. § 1681n and § 1681o - Willful and/or Negligent Noncompliance

## (Equifax)

38. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

39. Defendant Equifax acted willfully and/or negligently in failing to comply with its duties under the FCRA. These duties include:

a) Establishing reasonable procedures to ensure maximum possible accuracy of consumer reports.

b) Conducting thorough and meaningful reinvestigations of disputed information.

c) Correcting or deleting inaccurate, incomplete, or unverifiable information within the time prescribed by the FCRA.

d) Equifax's reliance on flawed automated processes, failure to adequately investigate consumer disputes, and systemic deficiencies as detailed in the CFPB Consent Order contributed to prolonged inaccuracies on Plaintiff's credit report. Equifax's actions caused Plaintiff:

a) Denial of credit opportunities.

b) Financial harm due to higher interest rates.

c) Emotional distress and reputational damage.

d) Plaintiff is entitled to actual damages, statutory damages, and punitive damages under 15 U.S.C. § 1681n for willful violations. Alternatively, Plaintiff is entitled to actual damages

under 15 U.S.C. § 1681o for negligent violations, along with costs and reasonable attorney's fees.

### SIXTH CLAIM FOR RELIEF

**15 U.S.C. § 1681e(b) - Failure to Assure Maximum Possible Accuracy (Experian)**

40. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

41. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to ensure maximum possible accuracy in the preparation of Plaintiff's consumer reports. Specific failures include:

42. Reliance on prepopulated dispute codes that fail to capture the full scope of consumer disputes.

43. Failure to independently verify the accuracy of information provided by furnishers like Barclays.

44. Systemic failures, as highlighted in **Consumer Financial Protection Bureau v. Experian Information Solutions, Inc. (Case No. 8:25-cv-00024)**, to prevent the recurrence of inaccuracies despite consumer disputes.

45. Experian's actions caused Plaintiff harm, including denial of credit, financial distress, and emotional anguish. Plaintiff is entitled to recover damages as provided under 15 U.S.C. § 1681n and/or § 1681o.

### SEVENTH CLAIM FOR RELIEF

**15 U.S.C. § 1681i(a)(1)(A) - Failure to Conduct Reasonable Reinvestigation (Experian)**

46. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

47. Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct reasonable reinvestigations of Plaintiff's disputes. Despite being notified of discrepancies, Experian:

- Failed to forward all relevant information to Barclays.
- Verified inaccurate information based solely on Barclays' responses without substantive review.
- Continued to rely on flawed automated processes that failed to detect illogical patterns in reporting.

48. As a result, Plaintiff experienced prolonged inaccuracies in her credit reports, denial of credit, and emotional distress. Plaintiff is entitled to damages under 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant the following relief:

- Actual damages sustained by Plaintiff as a result of Defendants' violations under 15 U.S.C. § 1681o(a).
- Statutory damages as provided under 15 U.S.C. § 1681n(a).
- Punitive damages as provided under 15 U.S.C. § 1681n(a)(2).
- Costs and reasonable attorney's fees as provided under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).
- Such other relief as the Court deems just and proper.

Dated: Woodmere, New York

January 24, 2025

_____/s/ Adam J. Fishbein_____

Adam J. Fishbein, P.C.  (AF-9508)

Attorney at Law

**Attorney for the Plaintiff**

735 Central Avenue

Woodmere, New York 11598

Telephone: (516) 668-6945

Email: fishbeinadamj@gmail.com